IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAPLAIN ADMIRAL RICHARD ALAN CARL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. JFM-11-677 |
| DIRECTOR OF NATIONAL SECURITY AGENCY | * | |
| Defendant. | * | |
| | *** | |

MEMORANDUM

On March 11, 2011, the court received the instant self-represented complaint, accompanied by an indigency application. Plaintiff, who is confined in the Texas Department of Criminal Justice ("TDCJ") Jester IV Unit Psychiatric Facility, raises a panoply of claims and makes a number of statements, all of which appear fanciful on their face. He contends that he has been locked up on segregation for years and he has been poisoned by the Warden of the TDCJ. Plaintiff also claims that he has spoken to the Central Intelligence Agency ("CIA") and National Security Agency ("NSA") and received an "all clear" code key on a wire network.[1] He alleges, however, that the state of Texas has restricted his ability to initiate NSA operation "Labradour," thus hindering his ability to "ready the nation" so as to pay off the national debt. ECF No. 1. Plaintiff also discusses alleged ties between the Republican Party, Italian-American families, and the Russian-American "underground" starting in the late 1980s; his ability to change ethnic and religious groups through

---

[1] Plaintiff claims that he was employed by the CIA in 1989 to infiltrate "Honest American Mafia Familys" and moved to the NSA in 1997. He claims that he has twenty-two years of field experience.

on-line technology; and his liquid bank accounts associated with Vatican City and the KGB Russian-Swiss reserves. He asks to see NSA representatives.[2]

Allegations in a self-represented complaint are to be liberally construed, and a court should not dismiss an action for the failure to state a claim " 'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. "*De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003) (quoting *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002)). Courts are instructed that self-represented filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett,* 24 F.3d 582, 587 n. 6 (4th Cir. 1994) (citing *Haines v. Kerner,* 404 U.S. 519 (1972); *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977)). However, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim having no arguable basis in law or fact may be dismissed as frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B), (outlining screening process for indigent or prisoner complaints).

Examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply unbelievable. *Gladney v. Pendelton Corr. Facility*, 302 F.3d. 773, 774 (7th Cir. 2002); *Denton v. Hernandez,* 504 U.S. 25, 29 (1992). Plaintiff's claims plainly fall into this category of allegations. The complaint is replete with fantastic assertions and

---

[2] In his attached declaration plaintiff does make a general reference to security procedures at the TDCJ. Any civil rights claims concerning his Texas confinement should be raised in the appropriate Texas Federal court.

which speak for themselves. Plaintiff's motion to proceed *in forma pauperis* shall be granted and his action shall be dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) because they are deemed frivolous or malicious or because they fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).[3] A separate Order follows.

Date: March 31, 2011.                    \_\_\_\_\_/s/_____
                                         J. Frederick Motz
                                         United States District Judge

---

[3] 28 U.S.C. § 1915(g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.